UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| MICHAEL TERRELL WILLIAMS, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 13-CV-239-GFVT |
| v. | ) ) | |
| J.C. HOLLAND, WARDEN, | ) ) | **MEMORANDUM OPINION** & |
| Respondent. | ) ) | **ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Michael Terrell Williams is an inmate confined in the United States Penitentiary-McCreary located in Inez, Kentucky. Proceeding without counsel, Williams has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his federal drug and firearm conviction. [R. 1] Williams has paid the $5.00 filing fee. [R. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Williams's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed the petition, the Court must deny it because Williams cannot pursue his claims under 28 U.S.C. § 2241.

# I

On April 16, 2008, Williams pleaded guilty in an Indiana federal court to possession with intent to distribute marijuana, in violation of 21 U.S.C. 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(two of four counts charged in the indictment). *United States v. Michael Terrell Williams*, No. 3:07-CR-133-RLM-CAN-1 (N.D. Ind. 2007) [R. 14; R. 15.] On September 16, 2008, the district court sentenced Williams to a 120-month prison term on Count 1, and to a consecutive 72-month prison term on Count 2 (18 U.S.C. § 924(c)(1)(A)(I)), for an aggregate prison term of 192 months. [R. 28.] Williams appealed, but the court dismissed the appeal, stating that in his plea agreement, Williams had waived his right to appeal; that the plea agreement was enforceable; and that accordingly, his appeal was frivolous. [R. 46-2; *see also United States v. Michael Terrell Williams*, No. 08-3607, p. 2 (7th Cir. November 4, 2009)]

On January 31, 2011, Williams filed a motion to vacate his sentence under 28 U.S.C. § 2255. [R. 47.] Williams alleged that his trial counsel had been ineffective for not informing him that he would be subject to a career offender enhancement under U.S.S.G. § 4B1.1, and for advising him that he would be facing a prison term of no more than 66-88 months based on his two prior convictions. [*Id*.]

The district court denied the motion, finding that because Williams had filed his § 2255 motion more than two years after his sentence was imposed and more than one year after his appeal was dismissed on November 4, 2009, it was time-barred, and that Williams

had not demonstrated good cause for his procedural default. [R. 48, p. 2; *see also Williams v. United States*, Nos. 3:07-CR-133-RM, 3:11-CV-49-RM, 2011 488642, at *1 (N. D. Inc. Feb. 7, 2011)] The district court further determined that Williams's guilty plea was knowing and voluntary, noting that the Plea Agreement which Williams signed specified the mandatory minimum and maximum sentences he was facing, and that at sentencing, Williams "... was told of and understood the maximum sentences for the offense to which he was pleading guilty, and that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding." *Williams*, 2011 488642, at *1. Finally, the district court determined that Williams did not receive ineffective assistance of counsel during his criminal proceeding. [*Id*., at *4]**.** Williams did not appeal that ruling.

## II

### A

In his § 2241 petition, Williams argues that the district court improperly sentenced him as a career offender under U.S.S.G. § 4B1.1; that one of his prior state drug convictions did not qualify as predicate offense under § 4B1.1; that he is actually innocent of being a career offender; and that his 192-month sentence violates his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. In support of his claim, Williams cites *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1931-32 (2013), in which the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.[1]

---

[1] In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new

3

**B**

Williams is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Williams challenges the constitutionality of his underlying federal conviction and sentence on Fifth Amendment grounds. But § 2241 is not the mechanism for asserting such a challenge: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief from an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a § 2241 petition, where his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance in which a petitioner may use this provision is where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute the petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under

---

evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S.Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)).

4

§ 2241."); *Lott v. Davis,* 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or where he did assert his claim in a prior post-conviction motion under § 2255, but was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Alternatively, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence requires factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). To make a showing of actual innocence, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Williams contends that *McQuiggin* is a new rule of law which applies retroactively and which affords him relief from his sentence. The Supreme Court, however, gave no indication in *McQuiggin* that its holding applies retroactively to cases on collateral review. Therefore, the Court is unable to conclude that *McQuiggin* affords Williams any retroactive relief. Further, even assuming that *McQuiggin* applies retroactively, the case does not support Williams's claim on the merits.

The Sixth Circuit Court of Appeals explained the holding of *McQuiggin* as follows:

In *McQuiggin v. Perkins*, the Supreme Court recently held that a showing of actual innocence works to "overcome" AEDPA's statute of limitations, and not

5

> simply to excuse late filing. ––– U.S. –––, 133 S.Ct. 1924, 1930–31, 185 L.Ed.2d 1019 (2013).  When faced with a "convincing" actual-innocence claim, *McQuiggin* makes clear, a court cannot consider a petition's untimeliness as "an absolute barrier to relief." *Id*. at 1928.  Although a petitioner who asserts a convincing actual-innocence claim does not have to "prove diligence to cross a federal court's threshold," timing remains "a factor relevant in evaluating the reliability of a petitioner's proof of innocence." *Id*. at 1935 ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.").
>
> In addition to clarifying that there are no temporal limitations to presenting evidence in support of an actual-innocence claim, *McQuiggin* also reiterated the standard needed to make one out. *Id*. at 1931.  The touchstone of the inquiry is whether a petitioner's "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [him].'" *Id*. at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)).  To assess that question, a court must survey "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L. Ed.2d 1 (2006) (internal quotation marks omitted).  With "all the evidence" thus in mind, the court's final task is "to assess the likely impact of the evidence on reasonable jurors"; it is not to work through an "independent factual determination" to divine "what likely occurred." *Id*. (internal quotation marks omitted).

*Eberle v. Warden, Mansfield Correctional Inst*., 532 F. App'x 605, 612-13 (6th Cir. 2013);

Based on the analysis set forth in *Eberle*-- specifically, the Sixth Circuit's discussion of whether the new evidence would have been sufficient for a "reasonable juror" to have "convicted" the petitioner-- this Court concludes that the type of "actual innocence" claim that falls within *McQuiggin*'s ambit relates to the underlying criminal offense of which the petitioner was convicted, not to some aspect of the *sentence* imposed upon him.

Three months later, in *Phillips v. United States*, 734 F.3d 573 (6th Cir. 2013), the Sixth Circuit again discussed what a habeas petitioner must demonstrate in order to establish a claim of actual innocence.  The court cited its earlier decision in *Wooten v. Cauley*, 677

6

F.3d 303 (6th Cir. 2012), wherein it explained that a habeas petitioner must demonstrate "...(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition **to make it more likely than not that no reasonable juror would have convicted him**." *Phillips*, 734 F.3d at 582 (emphasis added) (citing *Wooten*, 677 F.3d at 307-308). The Sixth Circuit's references to a "reasonable juror" and the probability of a "conviction" strongly suggest that in order to assert an actual innocence claim, a habeas petitioner must allege that he is innocent of the underlying criminal offense(s) of which he was convicted, not of some aspect of the sentence imposed upon him.

In his § 2241 petition, Williams does not allege that he is actually innocent of the underlying offenses of which he was convicted, *i.e.*, possession with intent to distribute marijuana, in violation of 21 U.S.C. 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924. Instead, he contends only that the district court improperly determined that he was an armed career criminal and then improperly enhanced his sentence under USSG § 4B1.1. The savings clause, however, may only be applied when the petitioner makes a claim of actual innocence, and claims of sentencing error may not serve as the basis for an actual innocence claim under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003). Put another way, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence as to their underlying convictions, not their enhanced sentences. *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he

7

claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"); *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Peterman*, 249 F.3d at 462; *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause); *Thornton v. Ives*, No. 6:11-CV-35-GFVT, 2011 WL 4586917, at *3 (E.D. Ky. Sept. 29, 2011), *aff'd*, No. 12-5051 (6th Cir. Sept. 11, 2012) (same).

Further, as the district court correctly explained in February 2011 when it denied Williams's § 2255 motion, Williams knowingly and voluntarily pleaded guilty to the underlying drug and firearm offenses of which he was charged. That fact dispels any notion that Williams is eligible to assert a viable claim of actual innocence. *See Sidener v. United States*, No. 3:11-CV-03085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013) (rejecting *McQuiggin* claim and stating, "Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence. Therefore, the actual innocence "gateway" for allowing consideration of otherwise time-barred claims is not available in Petitioner's case."); *see also United States v. Cunningham*, No. H-12-3147, 2013 WL 3899335, at *4 n. 3 (S. D. Tex. July 27, 2013) (stating the same and citing *McQuiggin*).

In summary, because Williams has not established a claim of actual innocence based on the *McQuiggin* decision, he is not entitled to proceed under § 2241. The Court will deny his petition and dismiss this proceeding.

### III

Accordingly, **IT IS ORDERED** that:

1. Michael Terrell Williams's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 9th day of April, 2014.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge